UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| **ERIC COOK,** Individually and on Behalf of All Others Similarly Situated, | § § § § | DOCKET NO. 16-cv-00305-RAJ-DC |
| Plaintiff, | § § | JURY TRIAL DEMANDED |
| v. | § § | COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |
| **BUCKEYE, INC.** | § § | |
| Defendant. | § § | |

# FIRST AMENDED COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Eric Cook ("Cook" or "Plaintiff") brings this collective action lawsuit against Buckeye, Inc. ("Buckeye" or "Defendant") to recover unpaid overtime wages and other damages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). Cook and those similarly situated to him were employed by Buckeye as Mud Engineers, received a salary, and worked more than forty (40) hours a week without receiving any overtime compensation. Buckeye failed to compensate these workers in accordance with the FLSA because they were not paid overtime for all hours worked in excess of forty (40) in a single workweek. This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers under the FLSA.

### JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

3. Venue is proper under 28 U.S.C. § 1391 because Buckeye maintains a corporate office in this District.

4. Cook and other Putative Class Members perform work related tasks for Defendant

in this district.

## THE PARTIES

5. Cook worked for Buckeye as a Mud Engineer during the relevant statutory time period. Throughout his employment with Buckeye, Cook was paid a salary plus a day-rate with no overtime compensation even though he regularly worked in excess of forty (40) hours in a week. Cook's written consent has been filed with the Court.

6. Cook brings this action on behalf of himself and all other similarly situated Mud Engineers who were paid a salary and/or a day-rate without receiving overtime compensation for hours worked in excess of forty (40) in a workweek. The Putative Class Members are defined as:

> **All Mud Engineers employed by Buckeye, Inc., during the past three (3) years who received a salary and/or a day-rate and no overtime compensation.**

The members of the Putative Class are easily ascertainable from Buckeye's business records, particularly its personnel records.

7. Buckeye is an oilfield services company doing business throughout the United States. Buckeye has been served and is properly before the Court.

## COVERAGE UNDER THE FLSA

8. At all times hereinafter mentioned, Buckeye has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

9. At all times hereinafter mentioned, Buckeye has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

10. At all times hereinafter mentioned, Buckeye has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or

otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

11. At all times hereinafter mentioned, Cook and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

## FACTS

12. Buckeye is an oilfield services company providing drilling fluids products and services to wells throughout the United States.

13. Cook and others similarly situated to him worked for Buckeye as Mud Engineers.

14. Mud Engineers' primary job duties are technical and manual in nature and include building and maintaining fluid systems associated with the drilling and completion of wells, calibrating and maintaining drilling fluid test equipment, collecting oil and gas samples, performing sample descriptions, and gathering, processing, and monitoring information related to drilling operations.

15. The job duties performed by Cook and the Putative Class Members were technical and manual labor in nature, routine, and largely governed by standardized plans, procedures, specifications, and checklists created by Independence and/or its clients.

16. Virtually every job function was pre-determined by Buckeye and its clients, including the tools to use at a job site, the data to compile, the schedule of work, and related work duties.

17. Buckeye prohibited Cook and the Putative Class Members from varying their job duties outside of the pre-determined parameters.

18. Mud Engineers are blue collar workers. They rely on their hands, physical skills, and energy, to perform their work in the oilfield. No advanced degree is required to become a Mud Engineer.

19. Mud Engineers do not supervise any Buckeye employees and cannot hire or fire any field personnel.

20. Mud Engineers work long hours. Indeed, Mud Engineers regularly work more than twelve (12) hours in a day, and more than eighty (80) hours in a week.

21. Buckeye did not pay its Mud Engineers overtime for hours worked in excess of forty (40) hours in a workweek. Instead, Buckeye paid its Mud Engineers a base salary and a day-rate, regardless of the number of hours that they worked that day (or in that workweek), and failed to provide them with overtime pay for hours that they worked in excess of forty (40) hours in a workweek. Cooke and the Putative Class Members worked similar hours and were denied overtime because of the same illegal pay practice.

22. Cook and the Putative Class Members were also subjected to the same illegal pay practice for similar work and all were denied overtime pay as required by federal law.

23. To the extent Cook and the Putative Class Members' job duties varied, these differences do not matter for the purposes of determining their right to overtime pay.

24. Cook and the Putative Class Members performed substantially similar job duties related to servicing oil and gas operations in the field.

25. As the controlling law makes clear, Buckeye's Mud Engineers are non-exempt under the FLSA. Therefore, Buckeye owes back overtime wages to the Putative Class Members.

## FLSA VIOLATIONS

26. As set forth herein, Defendant violated the FLSA by failing to pay Plaintiff and the Putative Class Members overtime for hours worked in excess of forty (40) in a workweek. 29 U.S.C. § 207(a).

27. Defendant knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Plaintiff and the Putative Class Members overtime compensation. Defendant's failure to pay overtime compensation and intentional misclassification of these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

28. Accordingly, Plaintiff and the Putative Class Members are entitled to overtime wages under the FLSA in an amount equal to 1 and ½ times their regular rates of pay, plus liquidated damages or double damages, attorney's fees, and costs. 29 U.S.C. § 216(b).

## COLLECTIVE ACTION ALLEGATIONS

29. As described above, Plaintiff and all Putative Class Members have been victimized by Defendant's pattern, practice, and/or policy, which is in willful violation of the FLSA.

30. Many Putative Class Members worked alongside Plaintiff and reported that they were paid in the same manner and were not properly compensated for all hours worked as required by the FLSA.

31. Many Putative Class Members, regardless of the division in which the worked, performed similar job duties to Plaintiff.

32. Thus, Defendant imposed a uniform practice or policy on Plaintiff and all Putative Class Members regardless of any individualized factors.

33. Plaintiff and all Putative Class Members received a salary and/or day-rate, regularly worked in excess of forty (40) hours per week, and were not paid overtime compensation.

34. As described above, these Putative Class Members are similarly situated to Plaintiff in terms of relevant job duties, pay provisions, and employment practices.

35. Defendant's failure to pay wages and overtime compensation at the rates required by the FLSA result from generally applicable, systematic policy and/or practice which are not dependent on the personal circumstances of any member of the Putative Class Members.

36. Plaintiff's experience is typical of the experiences of all Putative Class Members.

37. Plaintiff has no interests contrary to, or in conflict with, the members of the FLSA Putative Class Members. Like each member of the proposed Putative Class, Plaintiff has an interest in obtaining the unpaid overtime wages owed under federal law.

38. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

39. Absent this action, many FLSA Putative Class Members likely will not obtain redress of their injuries and Defendant will reap the unjust benefits of violating the FLSA.

40. Furthermore, even if some of the FLSA Putative Class Members could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system.

41. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

42. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

43. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

## JURY DEMAND

44. Cook demands a trial by jury.

6

## RELIEF SOUGHT

45. WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

   a. For an Order certifying this case as a collective action for the purposes of the FLSA claims;

   b. For an Order finding Defendant liable for violations of federal wage laws with respect to Plaintiff and all Putative Class Members covered by this case;

   c. For a Judgment awarding all unpaid wages, liquidated damages, and/or penalty damages, to Plaintiff and all Putative Class Members covered by this case;

   d. For a Judgment awarding Plaintiff and all Putative Class Members covered by this case their costs of this action;

   e. For a Judgment awarding Plaintiff and all Putative Class Members covered by this case their attorneys' fees;

   f. For a Judgment awarding Plaintiff and all Putative Class Members covered by this case pre- and post-judgment interest at the highest rates allowed by law; and

   g. For all such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ *Michael A. Josephson*
Michael A. Josephson
Texas Bar No. 24014780
Andrew W. Dunlap
Texas Bar No. 24078444
**JOSEPHSON DUNLAP LAW FIRM**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Tel: (713) 352-1100
Fax: (713) 352-3300
mjosephson@mybackwages.com
adunlap@mybackwages.com

- AND -

Richard J. (Rex) Burch
Texas Bar No. 24001807
**BRUCKNER BURCH, P.L.L.C.**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served by ECF electronic filing on all known parties on this the 8th day of June 2015

/s/ *Michael A. Josephson*
Michael A. Josephson